Blauvelt *v.* Van Winkle. ˙

---

ANNETTA BLAUVELT

*v.*

BELINDA VAN WINKLE and others..

Bill for relief. On motion to alter final decree. Re-adjustment of equities.

*Mr. W. M. Johnson,* for the motion.

*Mr. G. Ackerson, Jr., contra.*

THE CHANCELLOR.

John DeGraw objects to the final decree in this cause, on the ground that its directions are not in accordance with the equities. The decree is not before me, but I have considered the objection and think that the decree should be

altered so that the directions may be as follows: That the land covered by the $10,000 mortgage shall be first sold to raise, first, the amount due the Westervelts, and then the amount due the complainant on her legacy and interest and costs. Should the proceeds of the sale prove insufficient for those purposes, the land mortgaged to Miss Watson is to be next sold to raise the deficiency. But her equity and that of Brown and DeGraw are superior to the claims of the Westervelts, because of their non-assertion of their claims as creditors against the lands of the testatrix. Therefore, only the proceeds of sale over and above the amount due on her mortgage will be applicable to their claims (and as between those claims, the judgment is not entitled to preference), the rest of the proceeds will be applicable to the complainant's claim. Should there, after the application thereof to that claim, still be a deficiency, the land of Brown is to be next sold to pay it; and if a deficiency still exists, the land of DeGraw is to be sold to pay it, but subject to the $804.72 and interest, and the amount of his debt which was due him from the estate of the testatrix and interest. DeGraw has no equity to recover any part of those amounts out of the other parts of the land. As to the debt which was due him from the estate of the testatrix, he selected his security, and will be confined to it; and his superior equity in respect to the $804.72 is confined to the land on which the mortgage was, which was given to secure its payment, and that equity will, in justice to the complainant and Brown and Miss Watson, be confined to that land.

The reason for establishing the foregoing order of sale is, that there is an equity in favor of the life insurance company's mortgage (under the decree on which DeGraw claims title) against the conveyance to Brown and the mortgage to Miss Watson, the equity which existed when that deed and mortgage were given, and subject to which both of them were taken—the right to have the rest of the mortgagor's land, which was subject to the charge of the legacy, sold to raise it, before recourse is had to the land covered by that

mortgage. As between Brown and Miss Watson, the latter took her mortgage subsequently to the giving of the deed to the former, and with full notice of it. He, therefore, has an equity to have the land mortgaged to her sold before his land.

The decree will be modified in accordance with these views.